UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE EDUARDO GUERRA FLAMENCO,<br><br>        *Plaintiff*,<br><br>   v.<br><br>TENNIS CLUB OF HASTINGS, LLC,<br><br>        *Defendant.* | **COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Civ. Action No.: 22-cv-3391 |

Plaintiff Jose Eduardo Guerra Flamenco, by his undersigned attorneys Kakalec Law PLLC, as and for his Complaint, alleges as follows:

**Preliminary Statement**

1. Plaintiff Jose Eduardo Guerra Flamenco ("Jose Guerra" or "Plaintiff") worked for nearly two years for Defendant Tennis Club of Hastings, LLC ("the Tennis Club" or "the Club") doing maintenance work for the Tennis Club. Plaintiff regularly worked long hours, at times as many as 60 hours in a week, but he was not paid for all his hours worked, and was typically not paid the overtime rate for hours he worked above forty each week.

2. Moreover, Plaintiff, a manual worker, was not paid weekly as required by New York Labor Law § 191(1)(a). Instead, Plaintiff was paid twice a month throughout his employment, thus depriving him of his right to timely-paid wages.

3. Further, Plaintiff was not provided with the notice of pay rate that New York Labor Law § 195(1) requires at hiring. And throughout his employment, Plaintiff was not provided with accurate wage payment statements as required by New York Labor Law § 195(3).

4. To remedy these legal violations, Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Plaintiff

seeks, *inter alia*, his unpaid wages, liquidated damages, and damages for other violations of the New York Labor Law.

## Jurisdiction and Venue

5. The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 201 *et seq.* (FLSA).

6. The Court has jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). Plaintiff's state law claims are part of the same case or controversy as Plaintiff's federal claim.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391. A substantial part of the acts and/or omissions giving rise to the claims alleged in this Complaint occurred within this district.

8. Defendant resides and/or does business in this district.

## Parties

9. Plaintiff Jose Guerra is an adult individual who has resided and currently resides in New York State.

10. Except for during approximately six weeks in 2020, Plaintiff was employed by Defendant full time, Monday through Saturday each week, between November 2018 and November 2020.

11. Plaintiff's primary and native language is Spanish.

12. Plaintiff consents in writing to becoming a party in this action. A true and correct copy of Plaintiff's FLSA consent form is attached hereto as Exhibit 1.

13. Defendant Tennis Club is an active limited liability company, organized under the laws of New York, with its principal place of business located at 100 River Street, Hastings-on-Hudson, New York 10706.

14. At all times relevant to this action, the Tennis Club has been an enterprise engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(r)–(s).

15. Upon information and belief, the Tennis Club had gross sales made or business done in excess of $500,000 annually for each of the years from 2018 through 2021.

16. At all times relevant to this action, Defendant was an "employer" of Plaintiff as defined by the FLSA and NYLL.

17. At all times relevant to this action, Plaintiff was a non-exempt "employee" of Defendant as defined by the FLSA and NYLL.

18. At all times relevant to this action, Defendant "employed" Plaintiff within the meaning of the FLSA and NYLL.

19. At all times relevant to this action, Plaintiff was a "manual worker" within the meaning of NYLL §§ 190(4) and 191(1)(a), and New York State Department of Labor regulations.

**Factual Allegations**

20. Throughout his employment, Plaintiff performed maintenance and janitorial tasks for the Tennis Club. His duties included cleaning Defendant's facility (including all courts), collecting trash and recycling, painting, and plumbing.

21. Plaintiff's duties were exclusively manual and non-clerical.

22. Plaintiff spent nearly all of his working time engaged in physical tasks.

23. Throughout Plaintiff's employment, he often worked more than forty hours in a workweek.

24. For most of his employment, Plaintiff worked from 6:00 a.m. until 4:00 pm—10 hours per day—six days a week.

25. But Defendant did not pay Plaintiff for all of the hours he worked.

26. Many of Plaintiff's paystubs do not reflect his full hours worked, as they show he was only paid for between eighty and one hundred hours per check, i.e., for forty to fifty hours per workweek.

27. For example, in many weeks of 2019, Plaintiff worked his usual schedule, 6:00 a.m. until 4:00 p.m. But many of his paystubs for 2019 show he was paid for between eighty-four and one-hundred hours per check, i.e., for forty-five to fifty hours per workweek.

28. In addition, Plaintiff was generally not paid the overtime premium rate for hours worked more than forty hours in a workweek.

29. For example, during the pay period from January 21, 2019 to February 3, 2019, Plaintiff's paystub reflects that he worked 48 hours in one workweek, and 50 hours in another workweek.

30. Plaintiff's paystub for this period does not reflect his full hours worked in each of those weeks.

31. Plaintiff's paystub for this period also shows that Defendant did not pay an overtime premium rate for the 18 overtime hours Defendant recorded him as working in this period. Instead, Plaintiff was paid at his regular rate, $16 per hour, and was not paid an overtime premium.

32. Plaintiff worked overtime hours in one week of 2018, most weeks of 2019, and many weeks of 2020, but was not paid the overtime premium rate for most of his hours worked over forty in a workweek.

33. In some weeks of 2020, Plaintiff worked as much as 60 hours per week, and in some weeks even more. But only a few of his paystubs reflect these hours.

34. For example, during the pay period from May 25, 2020 to June 7, 2020, Plaintiff's paystub reflects that he worked 60 hours in each workweek, i.e., 20 hours above forty per workweek.

35. But Plaintiff's paystub for this period shows that Defendant did not pay an overtime premium rate for the 40 overtime hours Plaintiff worked in this period. Instead, Plaintiff was paid at his regular rate, $17 per hour, and was not paid an overtime premium.

36. In at least one week, Defendant paid Plaintiff an overtime premium rate for his hours worked over forty in a workweek. Defendant was thus aware of the requirement to pay an overtime premium rate, but failed to do so in most of the weeks Plaintiff worked more than forty hours in a workweek. Accordingly, Defendant's failure to pay Plaintiff an overtime premium rate in those weeks was knowing and willful.

37. Throughout Plaintiff's employment, Defendant paid Plaintiff twice a month.

38. Defendant never paid Plaintiff weekly.

39. As a result, for at least half of the weeks Plaintiff was employed by Defendant, Plaintiff's wages were paid late under NYLL § 191.

40. For example, on December 28, 2018, Defendant paid Plaintiff for the pay period from December 10, 2018 to December 23, 2018. For the pay period from December 10, 2018 to December 23, 2018, Plaintiff's wages earned between December 10, 2018 and December 16, 2018, which were required to be paid no later than December 23, 2018 under NYLL § 191(a), were not paid until December 28, 2018.

41. During the period that Plaintiff's wages were late, Plaintiff was deprived of the opportunity to spend his wages on necessary expenses, including household expenses, food, housing,

utilities, and other items. Throughout this period, Plaintiff was living paycheck-to-paycheck while supporting himself and his wife.

42. These delays often resulted in Plaintiff, who was being paid just a few dollars above the minimum wage for Westchester County throughout his employment, being short on cash and behind on bills like his rent. This also caused him psychological distress and other harms.

43. Defendant also failed to furnish to Plaintiff, at the time he began working for Defendant, written notice of his wage rates or a written disclosure of the other information required by NYLL § 195(1) in Plaintiff's primary language.

44. Defendant never thereafter furnished to Plaintiff written notice or a disclosure of the information required by NYLL § 195(1), including notices of any changes to Plaintiff's rate of pay.

45. In addition, Defendant failed to furnish proper and accurate wage statements to Plaintiff as required by NYLL § 195(3).

## First Cause of Action
(FLSA Overtime Compensation Violations)

46. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

47. Defendant willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regular hourly rate for every hour Plaintiffs worked above forty (40) hours in a work week. This failure violates the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

48. Plaintiff is entitled to his unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendant's unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

49. Plaintiff is also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

50. Plaintiff seeks, and is entitled to, attorneys' fees incurred by his counsel, pursuant to 29 U.S.C. § 216(b).

## Second Cause of Action
(NYLL Overtime Compensation Violations)

51. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

52. Defendant willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate for every hour he worked above forty (40) hours in a single work week.

53. Defendant's failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

54. Plaintiff is entitled to his unpaid wages mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendant's unlawful actions and omissions, in accordance with New York Labor Law §§ 198, 663, and 681.

55. Plaintiff seeks, and is entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

## Third Cause of Action
(NYLL – Late Payment of Wages in Violation of NYLL § 191)

56. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

57. Under NYLL § 191(a)(i) and supporting New York State Department of Labor Regulations, manual workers such as Plaintiff must be paid weekly and not later than seven calendar days after the end of the week in which wages are earned.

58. Defendant willfully failed to pay Plaintiff his wages weekly, in violation of New York Labor Law § 191(a). Instead, Defendant paid Plaintiff his wages twice a month.

59. As a result of Defendant's failure to pay Plaintiff his wages weekly as required by NYLL § 191(a)(1), at least half of Plaintiff's wages were paid later than seven calendar days after the end of the week in which wages were earned.

60. Defendant's failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, and 681.

61. Plaintiff is entitled to an award of liquidated damages for his late-paid wages, as a consequence of Defendant's unlawful acts and omissions in accordance with New York Labor Law §§ 198, 663, and 681.

62. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

**Fourth Cause of Action**
(NYLL – Failure to Pay Promised Wage for All Hours Worked)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth therein.

64. Defendant willfully failed to pay Plaintiff promised wages for all hours worked, in violation of New York Labor Law § 193.

65. Defendant's failure to pay the required wages as set forth above was willful within the meaning of New York Labor Law §§ 198, 663, 681.

66. Plaintiff is therefore entitled to his unpaid wages as mandated by New York Labor Law, plus an additional 100 percent as liquidated damages, as a consequence of the Defendant's unlawful acts and omissions in accordance with New York Labor Law §§ 198, 663, 681.

67. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

### Fifth Cause of Action
(NYLL – Wage Notice and Wage Statement Violations)

68. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

69. Defendant failed to provide Plaintiff, at the time of his hiring or thereafter, a wage notice in his primary language containing his rates of pay and other information as required by New York Labor Law § 195(1).

70. Defendant also failed to provide Plaintiff with accurate wage statements with every payment of wages which provided all of the information required under New York Labor Law § 195(3).

71. For Defendant's violation of New York Labor Law § 195(1), Plaintiff is entitled to $50 for each day of work in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-b).

72. For Defendant's violation of New York Labor Law § 195(3), Plaintiff is entitled to $250 for each day of work in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to New York Labor Law §198(1-d).

73. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by their counsel, costs of Court, and interest.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

**WHEREFORE**, Plaintiff requests that this Court enter an Order:

a. assuming jurisdiction over this action;

b. declaring Defendant violated the FLSA and New York Labor Law;

c. granting judgment to Plaintiff on his FLSA claims and awarding Plaintiff his unpaid wages and an equal amount in liquidated damages;

d. granting judgment to Plaintiff on his New York Labor Law claims and awarding Plaintiff his unpaid wages, applicable statutory damages, and liquidated damages as provided for by statute;

e. awarding Plaintiff prejudgment and postjudgment interest as allowed by law;

f. awarding Plaintiff his costs and reasonable attorneys' fees; and

g. granting such further relief as the Court deems just and proper.


DATED:   Brooklyn, NY
         April 26, 2022

                                      **KAKALEC LAW PLLC**

                                      Hugh Baran
                                      Patricia Kakalec
                                      Kakalec Law PLLC
                                      195 Montague Street, 14th Floor
                                      Brooklyn, NY 11201
                                      (212) 705-8730
                                      Hugh@KakalecLaw.com
                                      Patricia@KakalecLaw.com

                                      *Attorneys for Plaintiff*